## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL COUNCIL FOR ADOPTION, | ) | |
| 225 N. Washington Street | ) | |
| Alexandria, VA 22314 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, D.C. 20520 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

1.      This action challenges the U.S. Department of State's (the "Department's") violations of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA") by failing to respond to any of the multiple records requests made by the National Council For Adoption ("NCFA").

2.      Since October 2017, the NCFA has made ten separate FOIA requests to the Department. One request has been pending for more than two years, and the others have been pending for at least one year. The Department has provided only boilerplate acknowledgments of receipt and denials or deferrals of requested fee waivers. The Department has failed to produce a single responsive record.

3.      The information the NCFA requests is critical to its mission. The NCFA, like the greater adoption community, lacks information about the government's policies for intercountry adoption that over the past years have made the process substantially more difficult for American families wishing to adopt internationally. International adoptions have declined significantly

during the last decade, with the result that tens of thousands of children are growing up, or even dying, in institutions even though American families want desperately to adopt them.

4.      The NCFA respectfully requests declaratory relief establishing that the Department has violated FOIA, and injunctive relief directing the Department to conduct an adequate search and produce responsive records without further delay.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Because the Department failed to respond to the NCFA's FOIA requests within the statutory time limit, the NCFA is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

6.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

8.      Plaintiff National Council for Adoption is a non-profit organization passionately committed to the belief that every child deserves to thrive in a nurturing, permanent family. The NCFA's mission is to meet the diverse needs of children, birth parents, adopted individuals, adoptive families, and all those touched by adoption, through global advocacy, education, research, legislative action, and collaboration.

9.      Defendant U.S. Department of State is a cabinet-level agency within the executive branch of United States Government. The Department is in possession and control of the records the NCFA seeks, and is subject to FOIA pursuant to 5 U.S.C. § 552(f). The Office of Children's

2

Issues, part of the Bureau of Consular Affairs at the U.S. Department of State, plays an active

role in the intercountry adoption process, including in how U.S. parents adopt orphaned children

from abroad.

## STATUTORY BACKGROUND

10.     FOIA's purpose is government transparency. FOIA requires federal agencies to

release requested records to the public unless one or more statutory exemptions applies. 5 U.S.C.

§ 552.

11.     FOIA was enacted to "permit access to official information long shielded

unnecessarily from public view" by creating a "right to secure such information from possibly

unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation

omitted). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe Agcy. v.

John Doe Corp.*, 493 U.S. 146, 152 (1989) (citation omitted).

12.     FOIA requires federal agencies to promptly disclose requested records. 5 U.S.C.

§ 552(a)(3)(A), (a)(6)(C)(i).

13.     Within 20 working days of receiving a FOIA request, an agency must determine if

it will release requested records and notify the requester of its determination and the reasons

therefor, the right to seek assistance from the agency's FOIA Public Liaison, and the right to

appeal an adverse agency determination. 5 U.S.C. § 552(a)(6)(A)(i).

14.     Only in unusual circumstances may an agency extend the time to make a final

determination. 5 U.S.C. § 552(a)(6)(B)(i). The time may be extended by no more than 10

additional working days, and the agency must provide written notice to the requester setting forth

the unusual circumstances for the extension and the date on which it expects to issue a

determination. *Id*. If the agency gives written notice that the request cannot be processed within the specified time limit, the agency must provide the requester "an opportunity to limit the scope of the request so that it may be processed within th[e] [statutory] time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," and make available its FOIA Public Liaison to provide assistance. *Id*. § 552(a)(6)(B)(ii).

15.    The Department has established implementing regulations for responding to FOIA requests that largely parallel the statutory requirements. 22 C.F.R. Part 171.

## THE DEPARTMENT'S REPEATED FAILURES TO RESPOND TO THE NCFA'S FOIA REQUESTS

*Request No. 1*

16.    By letter dated October 17, 2017, the NCFA requested pursuant to FOIA Department records regarding the relationship between the Department and the Intercountry Adoption Accreditation and Maintenance Entity (IAAME), and the Department's selection of IAAME as an accrediting entity for adoption service providers. An accrediting entity is designated by the Secretary of State to accredit adoption agencies and approve persons for purposes of providing intercountry adoption services. 22 C.F.R. § 96.2. The NCFA requested expedited processing based on humanitarian need and compelling concern with regard to decreasing international adoptions, and a public interest fee waiver.

17.    On October 19, 2017, the Department denied expedited treatment, deferred the fee waiver request, claimed that "unusual circumstances" may delay its response, and assigned the case number F-2017-16304.

18.     On December 19, 2017, the NCFA administratively appealed the denial of expedited treatment.

19.     On December 26, 2017, the Department rejected the appeal for expedited treatment. The Department has not produced any records responsive to this request or otherwise responded to it.

*Request No. 2*

20.     By letter dated April 4, 2018, the NCFA requested pursuant to FOIA Department records containing communications of Department personnel about negative articles on intercountry adoption, as described in news media reports, and about Christians adopting, faith-based agencies, or Christian adoption. The NCFA also requested a public interest fee waiver.

21.     On July 30, 2018, the Department assigned tracking number, F-2018-02607, and placed the request in the "complex" category of FOIA requests. The response did not address the requested fee waiver or state when responsive material would be produced. The Department has not produced any records responsive to this request or otherwise responded to it.

*Request No. 3*

22.     By letter dated August 16, 2019, NCFA requested pursuant to FOIA Department records regarding phishing emails purportedly from the IAAME and regarding complaints made against adoption service providers. NCFA requested expedited processing and a public interest fee waiver.

23.     Nine months later, on May 8, 2020, the Department assigned tracking number F-2020-05414, deferred the request for fee waiver, and denied expedited processing. The Department has not produced any records responsive to this request or otherwise responded to it.

*Request No. 4*

24.     By email dated September 11, 2019, NCFA requested pursuant to FOIA a copy of the annual review report of each accrediting entity for intercountry adoption the Department has designated, its annual review letter, and any other documentation regarding its annual report.

25.     On January 8, 2020, the Department acknowledged the request, assigned tracking number F-2019-09784, deferred consideration of the requested fee waiver, and stated that unusual circumstances would delay its response. Department has not produced any records responsive to this request or otherwise responded to it.

26.     By email dated January 8, 2020, NCFA informed the Department that the NCFA disagreed with the Department's assessment of the FOIA request as presenting "unusual circumstances."

*Request No. 5*

27.     By email dated October 8, 2019, the NCFA requested pursuant to FOIA Department records of communications with or about Rachel Wegner, an IAAME analyst, pertaining to intercountry adoption, child welfare, work with IAAME, or other issues that could have an ancillary impact on intercountry adoptions, and records pertaining to Ms. Wegner's employment at IAAME. The NCFA also requested a public interest fee waiver.

28.     On November 21, 2019, the Department acknowledged the request, assigned tracking number F-2020-00561, and denied the requested fee waiver. The Department has not produced any records responsive to this request or otherwise responded to it.

*Request No. 6*

29.     By email dated October 8, 2019, the NCFA made a FOIA request for Department records regarding complaints against adoption service providers and investigations thereof.

30.     On November 21, 2019, the Department assigned tracking number F-2020-00562, stated that unusual circumstances would extend the time for a response, and denied the requested fee waiver. The Department has not produced any records responsive to this request or otherwise responded to it.

*Request No. 7*

31.     By email dated January 24, 2020, the NCFA requested pursuant to FOIA a single document: a Statement of Interest submitted by the IAAME in support of its application to become an accrediting entity for intercountry adoption. The request also asked for a public interest fee waiver.

32.     On January 28, 2020, the Department assigned tracking number F-2020-03259 and deferred a determination on the requested fee waiver. The Department stated it would be unable to respond to the request within the 20 days provided by the statute due to "unusual circumstances," even though the request was for a single record. The Department has yet to produce that record or otherwise respond to the request for it.

***Request Nos. 8-10***

33.     On February 9, 2020, the NCFA made three additional FOIA requests: for a report on Ethiopian International Adoption, records related to Intercountry Adoption and UNICEF adoption information, and Department policies for adoption from Nepal. Each request included a request for a public interest fee waiver.

34.     The Department assigned tracking numbers, F-2020-03717, F-2020-03729, and F-2020-03731, denied fee waivers for two of the requests, and deferred determination on the third (F-2020-03731). The Department has not produced records responsive to any of these requests or otherwise responded to them.

***Subsequent Communications***

35.     By letter dated March 2, 2020, Mr. Ryan Hanlon, the NCFA's Vice President of Education, Research, and Constituent Service, wrote to the Department requesting responses and records responsive to the outstanding requests.

36.     The Department has not responded.

37.     By letter dated May 5, 2020, Mr. Robert Huffman of Akin Gump Strauss Hauer & Feld LLP submitted an administrative appeal of the Department's failure to respond to any of the NCFA's FOIA requests.

38.     By letter dated May 12, 2020, the Department responded that it would not consider the administrative appeal because it has not denied any specific material.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of the Freedom of Information Act and Department Regulations: Failure to Search for Responsive Records**

39.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40.     The Department has a statutory duty and a regulatory duty to search for records responsive to the NCFA's FOIA requests. 5 U.S.C. § 552(a)(3); 22 C.F.R. § 171.1.

41.     The Department violated those duties when it failed to search for and locate all records that are responsive to the NCFA's FOIA requests.

### COUNT II

**Judicial Review of Failure to Disclose Responsive Records under the Freedom of Information Act and Department Regulations**

42.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43.     The Department's failure to respond to any of the NCFA's FOIA requests within the required time period constitutes constructive exhaustion of administrative remedies and authorizes judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

44.     The Department violated FOIA and the Department's implementing regulations by constructively denying the NCFA's FOIA requests and failing to disclose records responsive the requests. 5 U.S.C. § 552(a)(3)(A), 552(a)(6)(C)(i); 22 C.F.R. § 171.1.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Declare that Defendant's failure to search for and locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful;

2.      Declare that Defendant's failure to disclose the requested records to Plaintiff, as alleged above, is unlawful under FOIA;

3.      Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests and to provide Plaintiff with all responsive records without further delay.

4.      Award Plaintiff its reasonable attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

5.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Caroline L. Wolverton
Robert Huffman (Bar No. 219915)
Caroline L. Wolverton (Bar No. 496433)
Jason Gangwer (Bar No. 888314556)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 887-4107
Fax: (202) 887-4288
cwolverton@akingump.com

Dated:  August 12, 2020          *Attorneys for Plaintiff National Council For Adoption*